## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LA TRICIA HARDY | * | |
| | * | |
| | * | |
| v. | * | Civil No. – JFM-12-2095 |
| | * | |
| VERIZON MARYLAND INC. | * | |
| | ****** | |

## MEMORANDUM

La Tricia Hardy has brought this action against Verizon Maryland, Inc. alleging

violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 et. seq. and Maryland law.

Presently pending are a motion for summary judgment filed by Verizon and a motion for leave to

file amended complaint filed by Hardy.  Verizon's motion will be granted, and Hardy's motion

will be denied.

Discovery has been completed.  During her deposition plaintiff testified that she knew of

Verizon's violations of the Fair Credit Reporting Act in 2008.  Her deposition echoed what she

alleged in her initial complaint and in an amended complaint she filed.  She filed this action on

July 13, 2012.  Therefore, her claim under the Fair Credit Reporting Act, which requires suit to

be filed within two years "after the date of discovery by the plaintiff of the violation," is time-

barred.  *See* 15 U.S.C. §1681(p).[1]

In her proposed amended complaint, Hardy makes no reference to the fact that she

learned of the violations in 2008.  That, however, is immaterial.  A party, whether proceeding

---

[1] It may also be, as argued by Verizon, that there is no private right of action under the Fair
Credit Reporting Act against a furnisher of credit information, such as Verizon. *See Hasvold v.
First USA Bank, N.A.*, 194 F. Supp. 2d 1228 (D. Wyo. 2002).  I need not, however, decide that
question in light of the fact that plaintiff's claim is time-barred.

*pro se* or not, cannot withstand a summary judgment motion by attempting to create an inconsistency with her sworn testimony. This is particularly true where, as here, plaintiff also made admissions in her initial complaint and amended complaint that prove the fact that she now wants to ignore.

Hardy also asserts a claim under the Maryland Consumer Protection Act. That statute prohibits unfound deceptive trade practices "in [the] sale, lease, rental, loan, or bailment of any consumer goods, consumer realty, or consumer services; [or] the offer of for sale, lease, rental, loan or bailment of consumer goods, consumer realty, or consumer services . . . ." *Morris v. Osmose Wood Preserving*, 340 Md. 519, 536-37, 667 A.2d 624, 633 (1995). Plaintiff has made no allegations or offer no proof that Verizon engaged in any unfair or deceptive trade practice.[2]

As to plaintiff's motion for leave to amend, as stated above, granting leave to amend would not cure the weakness in plaintiff's claim under the Fair Credit Reporting Act. Moreover, because discovery has been completed, it is far too late in the litigation for this court to entertain the amendment proposed by plaintiff.

A separate order effecting the rulings made in this memorandum is being entered herewith.

Date:   August 23, 2013                  _/s/_____
                                         J. Frederick Motz
                                         United States District Judge

---

[2] Plaintiff testified during her deposition that her claim actually was being asserted under the Maryland Fair Debt Collection Practices Act, Md. Code Ann., Comm. Law, § 14-202. If that is so, plaintiff may (if she chooses to do so) file an action in state court. This court will not, however, exercise supplemental jurisdiction over a state law claim where the federal claim is clearly time-barred. This is particularly so since it may well be that plaintiff has not stated any claim under the Maryland Consumer Debt Collections Practices Act. Moreover, if she has done so, that claim too may well be time-barred.